IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IMMANUEL CAMPBELL et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO et al. ) <br> ) <br> ) <br> Defendants. ) <br> ) | Case No. 17-cv-4467 <br> Hon. John Z. Lee |

**JOINT INITIAL STATUS REPORT**

Counsel for the Plaintiffs and the putative Plaintiff class and sub-class ("Plaintiffs") and Defendant the City of Chicago ("Defendant") jointly file this initial status report under the Mandatory Initial Discovery Pilot Project ("MIDPP"), as follows:

**I.   The Nature of the Case**

   A.   Attorneys: Attorneys of record and their affiliations and contact information are included in the service list, below. Lead trial counsel for the Plaintiffs include: Craig Futterman, Sheila Bedi, Thomas Moloney, and Alexa Van Brunt. Lead counsel for the Defendant are Allan Slagel, Heather Jackson and Jeffrey Schieber. Lead trial counsel for the Defendant is Allan Slagel.

   B.   Jurisdiction: This Court has federal question jurisdiction under 28 U.S.C. § 1331, as Plaintiffs bring their constitutional claims pursuant to 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

   C.   Claims: Plaintiffs state that this is a class action complaint filed against the City of Chicago and individual Police Officer Defendants, on behalf of a class of all persons who,

since June 14, 2015, have been, or in the future will be, subjected to uses of force by the Chicago Police Department ("CPD"), as well a sub-class consisting of Black and Latino members of the larger class. The putative Plaintiff class and organizational plaintiffs allege that the City of Chicago, acting through the CPD, employs a pattern and practice of excessive force against people in the City of Chicago, and that this practice disproportionately targets Black and Latino individuals. Plaintiffs further claim that the City has adopted and promotes a "code of silence," under which members of the CPD are trained and required to lie or remain silent about police misconduct, including the use of excessive force and discriminatory policing, for fear of punishment. Plaintiffs allege that the City fails to adequately discipline and hold accountable CPD officers who use excessive force on members of the putative Plaintiff class and sub-class, and have deliberately failed to implement constitutionally-adequate training and supervision of CPD officers, which has resulted in the foreseeable violation of people's constitutional and state law rights, including the rights of the named individual Plaintiffs.

Both the putative Plaintiff class and organizational Plaintiffs bring legal claims pursuant to 42 U.S.C. § 1983 for excessive use of force under the Fourth Amendment of the United States Constitution and violation of equal protection under the Fourteenth Amendment, as well as under Illinois state law for violation of the Illinois Civil Rights Act of 2003. Plaintiffs further bring claims on behalf of the individual named Plaintiffs, including federal constitutional claims for excessive use of force and false arrest, unlawful search and seizure, failure to intervene, conspiracy, and First Amendment retaliation, as well as analogous state law claims.

There are no counterclaims or third party claims in this suit.

D.   Legal and Factual issues:

Plaintiffs' position: At issue in this case is whether the City has *Monell* liability for

implementing and promoting the above policies and practices, and whether those policies and practices have caused and continue to cause the violations of the constitutional rights of the members of the putative class, sub-class, organizational plaintiffs and their members. Also at issue is whether the named individual Police Officer Defendants are personally liable for violating the constitutional and state law rights of the individual named Plaintiffs—Immanuel Campbell, Deonte Beckwith, Chante Linwood, Rachel Jackson, Markees Sharkey, and Rubin Carter.

Defendant's position: At issue in the case is whether the Defendants should be held liable to Plaintiffs for excessive force; false arrest; violation of the Illinois Civil Rights Act; conspiracy to deprive plaintiffs of their constitutional rights; failure to intervene; First Amendment retaliation; unlawful search and seizure; civil conspiracy; intentional infliction of emotional distress; malicious prosecution; respondeat superior; and indemnification. Also at issue in this case is whether Plaintiffs are entitled to declaratory or injunctive relief. Also at issue in the case is whether and to what extent Plaintiffs were harmed by Defendants' actions. Also at issue in the case is whether the City of Chicago has or had a *de facto* policy, practice or custom of excessive use of force, and specifically excessive use of force against Black and Latinx individuals.

E. Relief sought: Plaintiffs primarily seek declaratory and injunctive relief on behalf of the class, sub-class and plaintiff organizations, as well as compensatory and punitive damages on behalf of the individual named Plaintiffs. A detailed account of the relief sought by Plaintiffs is set forth in the Prayer for Relief in Plaintiffs' First Amended Complaint (ECF No. 71), at pages 133-136.

3

**II.     Pending Motions and Case Plan**

A.      Initial Status hearing: The initial status hearing is scheduled for Friday, September 1, 2017, at 10:00 a.m.

B.      Motions: Plaintiffs filed a motion to certify the class and sub-class on June 14, 2017, the day they filed their original complaint. The Court thereafter continued that motion until the first initial status hearing, scheduled for Friday, September 1, 2017. ECF No. 41. Defendants filed a motion for leave to file an oversized motion to dismiss Plaintiffs' First Amended Complaint (attaching the proposed motion to dismiss as an exhibit) and a Motion to Strike Allegations from the Complaint on August 21, 2017. ECF Nos. 75, 77. The City has also filed a motion requesting additional time for the Defendant Officers to respond to the Amended Complaint. ECF No. 79. Plaintiffs' responses to those motions are due October 20, 2017, and Defendants' reply is due November 20, 2017, pursuant to the Court's July 6, 2017 order. ECF No. 66. Defendants' answers to the Amended Complaint are due on October 4, 2017. *See id.*

C.      MIDPP: Since Plaintiffs filed their initial complaint in June, the parties have engaged in frequent meet-and-confer conferences to discuss the scope of requested class discovery, the relevance of various discovery requests, and the format and manner in which such discovery will be produced. Counsel for the parties, as well as data experts for the respective sides, have attended some of these conferences. A significant topic of discussion at these meetings has been the extent to which the City will reproduce the documents and other information originally turned over to the United States Department of Justice ("DOJ") in the course of its 2016 investigation of the CPD. Plaintiffs have asked that the City re-produce much of what they disclosed to the DOJ, as well as provide updates to certain information,

and have explained their position concerning the relevance of such discovery to their pending legal claims. The City is evaluating its position as to particular DOJ discovery requests, but generally anticipates that certain information provided to the DOJ will be produced. If agreement through the parties' meet and confer conferences cannot be achieved, the City will object to the production of other information as not relevant to any plaintiffs' claim or the City's defense.

Plaintiffs have further requested additional categories of ESI information and data, and the City has responded to some, but not all, of these additional requests. Plaintiffs are awaiting additional information from the City concerning the scope and format of available data, which will enable them to clarify the scope of their requests. Nonetheless, the parties have had multiple meet and confer sessions regarding the structure of CPD's data, and the City has provided some of the information requested by Plaintiffs' counsel regarding the architecture of CPD's systems.

The parties anticipate that many of the outstanding issues pertaining to the mandatory initial discovery can be resolved without the intervention of the Court. However, should the meet and confer process *not* lead to the resolution of any disputes, the parties will file the necessary motions with this Court.

      D.      Proposed Discovery Plan:

    1.  Discovery Needed

Plaintiffs' position: Plaintiffs intend to seek pattern and practice discovery pertaining to the following: CPD uses of force, including in particular against people of color, people with mental health issues, and children and other vulnerable populations; officer training on uses of force; the supervision of officers who use force; and City accountability and

disciplinary mechanisms for officers who use force, including discovery concerning the City's code of silence pertaining to officer misconduct. In this vein, Plaintiffs anticipate taking more than forty (40) depositions of fact witnesses in this case, including but not limited to the depositions of City policymakers, CPD command staff, officials with the Civilian Office of Police Accountability ("COPA") and officials with the Inspector General's ("IG's") Office, individual police officers, and the individual Police Officer Defendants, as well as multiple FED. R. CIV. P. 30(b)(6) depositions concerning the CPD's policies, practices and procedures pertaining to officer training, officer supervision and discipline, CPD Information Technology and data management, and officer uses of force, including Taser use.

Defendant's position: Defendant City of Chicago intends to seek discovery concerning the five (5) incidents alleged in the Amended Complaint; plaintiffs' alleged injuries; discovery relating to class certification including the individual plaintiffs' ability to represent the purported class and subclass; the status of plaintiffs' criminal charges; and the status of certain organizational plaintiffs. The City anticipates forty (40) depositions of fact witnesses in this case, including but not limited to the depositions of plaintiffs, witnesses of the five individual alleged incidents, individuals with knowledge regarding alleged injuries to plaintiffs, and representative deponents of the organizational plaintiffs.

    2. Proposed Discovery Deadlines

In acknowledgement of the significant fact discovery to be completed in this case, the parties suggest the below discovery deadlines. It is Plaintiffs' position that these are firm deadlines that will not be adjusted except in exigent circumstances. It is the City's position that it will make good faith efforts and dedicate the necessary resources to meet these deadlines. However, in light of the breadth of the allegations of the Complaint and the wide

scope of information and materials that Plaintiffs have requested thus far, and an anticipated 80 depositions, the City recognizes that discovery in this case may require additional time. The City will provide notice of any challenges or delays to both the Court and Plaintiffs' counsel to keep discovery on this timeline.

    a. Fact Discovery

        (1) The Parties to issue initial written discovery by November 15, 2017, following receipt of mandatory initial discovery responses.

        (2) Deadline to amend the pleadings: sixty (60) days following the Court's ruling on Defendant's Motion to Dismiss and Motion to Strike.

        (3) Fact discovery cut-off: January 15, 2019.

    b. Expert Discovery

        (1) Plaintiffs' expert disclosures due by February 15, 2019.

        (2) Defendants to depose Plaintiffs' experts by March 15, 2019.

        (3) Defendants' expert disclosures due by April 15, 2019.

        (4) Plaintiffs to depose Defendants' experts and disclose any rebuttal experts by May 15, 2019.

        (5) Defendants to depose any rebuttal experts by June 14, 2019.

    c. Hearing on Plaintiffs' motion to certify the class: Plaintiffs anticipate a bench hearing on their motion to certify the class subsequent to expert discovery and prior to dispositive motion practice. Plaintiffs suggest a hearing date of July 15, 2019.

    d. Dispositive motion deadline: The parties suggest a dispositive motion deadline sixty (60) days following the Court's ruling on Plaintiffs' motion to certify the

class.

E. Trial: The parties anticipate a trial of two weeks or more on the merits, following a hearing on the certification of the class.

**III. Consent to Proceed Before a United States Magistrate Judge**

Counsel for the parties do not consent to proceed before a magistrate judge.

**IV. Status of Settlement Discussions**

Plaintiffs have communicated to defense counsel that they are strongly in favor of attempting to resolve their claims via the settlement and mediation process. The City presently does not believe settlement discussions would be productive but will continue to review and assess its position as the case progresses. Accordingly, the parties do not request a settlement conference at this time.

Dated: August 25, 2017                                          Respectfully submitted,


/s/ Alexa Van Brunt                                             /s/ Heather Jackson
Counsel for the Plaintiffs                                      Counsel for the City of Chicago




Alexa Van Brunt                                                 Craig Futterman
Sheila A. Bedi                                                  Randolph N. Stone
Vanessa del Valle                                               Mandel Legal Aid Clinic
Locke E. Bowman                                                 University of Chicago Law School
MacArthur Justice Center                                        6020 S. University Avenue
Northwestern Pritzker School of Law                             Chicago, IL 60637
375 E. Chicago Avenue                                           (773) 702-9611
Chicago, Illinois 60611
(312) 503-1336

8

Brendan Shiller
April Preyar
Stephen A. Berrios
Shiller Preyar LLC
601 S. California Avenue
Chicago, Illinois 60612
(312) 226-4590

Jeanette S. Samuels
Samuels & Associates, Ltd.
3440 S. Cottage Grove, #504
Chicago, Illinois 60616
(872) 588-8726

Thomas J. Moloney
Roger A. Cooper
Jared Gerber
Nefertiti J. Alexander
Heather K. Suchorksy
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Andrew M. Stroth
Carlton E. Odim
Action Injury Law Group
191 North Wacker Drive, #2300
Chicago, Illinois 60606
(312) 771-2444

Cannon D. Lambert, Sr.
Karchmar & Lambert, P.C.
211 W. Wacker, Ste. 1400
Chicago, Illinois 60606
(312) 977-1300

Emmanuel Andre
Northside Transformative Law Center
1543 W. Morse, 2nd Floor
Chicago, Illinois 60626
(312) 219-6544

*Counsel for the Plaintiffs and the class*

Allan T. Slagel
Heather Ann Jackson
Jeffrey M. Schieber
Taft Stettinius & Hollister LLP
111 E. Wacker Dr.
Ste. 2800
Chicago, IL 60601
(312) 527-4000

*Counsel for Defendant the City of Chicago*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on Friday, August 25, 2017, she caused the foregoing document to be served upon all counsel of record by filing the document using the Court's CMECF system.

/s/ Alexa Van Brunt