IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IMMANUEL CAMPBELL, et al., | |
| Plaintiffs, | Case No. 17cv4467 |
| v. | Hon. John Z. Lee |
| CITY OF CHICAGO, et al., | |
| Defendants. | |

**OFFICER DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
PORTIONS OF THE SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs' response to the Officer Defendants' Motion to Dismiss Portions of the Second Amended Complaint ("Officers' Motion") does not adequately address the pleading defects identified in the Officers' Motion. Instead, the response highlights the deficiencies in the Second Amended Complaint. The Officers' Motion was brought pursuant to Fed. R. Civ. P. 12(b)(6)—and requests dismissal of Counts II, III, and VI of Plaintiffs' Second Amended Complaint (the "complaint" or "Compl.") on behalf of each of the Officer Defendants and dismissal of Count I as against Officer Defendants, Stanley, Roman, Cade, and Morris-Pickens.[1]

---

[1] In their response, Plaintiffs indicate that they did not intend to allege, and do not intend to pursue, excessive force or false arrest claims against Officer Defendants, Stanley, Roman, Cade, and Morris-Pickens. Accordingly, the Court should enter an order clarifying that those counts are dismissed as to those officers, as the complaint itself is unclear. Additionally, Plaintiffs' counsel has conferred with Defendants' counsel and has indicated that (i) all claims against Officer Defendants, Jonas, Polson, Pena, and Jung; and (ii) all claims being brought by, or on behalf of, Plaintiff, Deonte Beckwith will be voluntarily dismissed *with* prejudice. Defendants anticipate Plaintiffs' counsel will file a stipulation of dismissal to that effect shortly.

**ARGUMENT**

The parties are in agreement that a "complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In their response, Plaintiffs suggest that the Court should apply a relaxed pleading standard. The Court should decline this invitation. Plaintiffs are accusing the Officer Defendants of serious misconduct. Plaintiffs should be required to present factual allegations that demonstrate that they have viable claims against the Officer Defendants. Requiring less is unfair.

    A.    **Dismissal of Counts II (Federal) and VI (State) Conspiracy Claims**

Plaintiffs argue that the complaint properly alleges a conspiracy among, or between, the Officer Defendants. Plaintiffs contend that lenient pleading standards apply to their conspiracy claims and that factual allegations detailing the purported agreement among the Officer Defendants are not required. Both contentions are inaccurate. Nothing in the law suggests that a conspiracy claim can be summarily and generally pled or that Plaintiffs do not need to provide foundational facts concerning the agreement or agreements that provide the bases for their conspiracy claims. Plaintiffs cite several cases for the proposition that there is no heightened pleading standard for conspiracy claims. Plaintiffs miss the point. Their conclusory allegations fail to meet the minimum standard set forth in *Iqbal* and *Twombly*.

The Seventh Circuit provided guidance on this issue in *Cooney v. Rossiter*, 583 F.3d 967 (7th Cir. 2009). *Cooney* analyzed *Iqbal* and *Twombly* while considering the dismissal of a conspiracy claim. Relying on *Iqbal*, the Seventh Circuit reasoned that the plausibility standard is

2

context specific and that "the height of the pleading requirements is relative to circumstances." *Cooney*, 583 F.3d at 971. The Seventh Circuit ultimately determined that the plaintiff's complaint was defective because the complaint contained only a bare conclusion that the defendants were involved in a conspiracy and, thus, did not allege facts suggesting a conspiracy. The Seventh Circuit reasoned that "even before *Twombly* and *Iqbal*, a bare allegation of conspiracy was not enough to survive a motion to dismiss for failure to state a claim …. [because] it was too facile an allegation." *Id.* at 970.

Counts II and VI of the complaint consist of bare conclusions. Plaintiffs generally and summarily allege that each of the Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means. *See*, *e.g.*, Compl. ¶¶ 330, 351. Plaintiffs also generally and summarily allege that each of the Defendants took concrete steps to enter into an agreement to unlawfully use force on, detain, and arrest the Plaintiffs. *See* Compl. ¶¶ 331, 352. Plaintiffs allege no facts to support these general and vague allegations. There are no allegations about how the Officer Defendants reached a purported agreement to use allegedly excessive force in five separate and distinct incidents, much less allegations about why the Officer Defendants would do so.

Moreover, the general nature of the pleading is unfair to each of the Officer Defendants. There is not one allegation in the 137-page complaint that provides any details as to any agreements between any of the Officer Defendants to conspire against the Plaintiffs. In fact, Plaintiffs do not allege that the Officer Defendants *actually* conferred, met, or, ultimately agreed on anything at all. Plaintiffs' conspiracy allegations are vague and unsupported, and consequently, not plausible.

The cases cited by Plaintiffs are distinguishable. In each case cited, the allegations contained specificity and foundational facts. For example, a close read of *Quinones v. Szorc*, 771 F.2d 289 (7th Cir. 1985), shows that the plaintiff provided a fair amount of factual detail in support of his conspiracy claim. In *Quinones*, the plaintiff specifically alleged that the defendants "met and agreed to assault, batter, and intimidate him" and that the defendants acted pursuant to that agreement. *Id.* at 291. Plaintiffs do not—and cannot—allege as much here.

There was also far more detail in *Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006), where the plaintiff alleged that over 40 individuals conspired against her. Her allegations ranged from defendants destroying title documents, to deliberately altering transcripts, to consorting improperly with one another in furtherance of the conspiracy. Plaintiffs' reliance on *Flowers v. Secrets Night Club*, No. 09 C 1736, 2010 WL 4625396 (N.D. Ill. Nov. 2, 2010), is also misplaced. In *Flowers*, the court affirmed the dismissal of the conspiracy claim against one of the defendants due to insufficient, vague, and conclusory allegations—citing *Iqbal* and *Cooney*. *See id.* at *2 (it would be "pure speculation to infer a prearranged plan from the complaint's allegations" that the defendant night club's security guards "directed" police officers to arrest plaintiffs).

In the instant case, Plaintiffs' conspiracy claims are devoid of facts and details. Plaintiffs do not specify *who* entered into the purported agreements and do not bother to provide facts as to *how*, *when*, and *where* the alleged agreement or agreements to conspire were formed. Plaintiffs merely cobble together perfunctory and conclusory allegations. Plaintiffs do not present any facts demonstrating an agreement and as such, do not allege a conspiracy.

At best, the complaint alleges excessive force on the part of several of the Officer Defendants. To the extent that Plaintiffs sufficiently allege any misconduct on the part of the

4

Officer Defendants, the alleged misconduct of each Officer Defendant can stand alone independent of any conspiracy. Plaintiffs do not sufficiently allege conspiracy and no inference can be made that the Officer Defendants conspired to harm the Plaintiffs. Accordingly, the Court should dismiss both the Plaintiffs' federal and state law conspiracy claims.

Finally, Plaintiffs contend that they intended to allege 5 *separate* conspiracies and that the conspiracy allegations against each Officer Defendant are incident specific. *See* Opp. at 6-7. Clarification on this point does not cure the defects in the complaint. A deficient complaint cannot be cured by submissions in a response brief. See *Sweet v. City of Chicago*, 953 F. Supp. 225, 230 (N.D. Ill. 1996). Within the incident specific allegations, Plaintiffs do not identify or reference any agreements between the Officer Defendants and conspiracy cannot be inferred.[2]

### B. Dismissal of Failure to Intervene Claims

Plaintiffs' complaint is also defective in regards to the failure to intervene claims. As explained in the Officers' Motion, it is implausible—based on the allegations of the complaint—that the Officer Defendants used excessive force *and* failed to intervene. To the contrary, the Officer Defendants were either acting *or* standing by. Plaintiffs argue that an Officer Defendant can be guilty of both acts. This may be possible (*i.e.*, if an officer first failed to intervene to prevent the use of excessive force and subsequently used excessive force himself), but the complaint does not allege as much. Plaintiffs do not plead in the alternative and it cannot be inferred from the allegations that Plaintiffs intended to do so. Sifting through Plaintiffs' failure to intervene claims requires mental gymnastics. Plaintiffs attempt to clarify their position in their response brief, but the brief cannot serve as a substitute for their pleading.

---

[2] *See* Incident specific allegations: Campbell (Compl. ¶¶ 220-233); Carter (*Id.* ¶¶ 234-242); Sharkey (*Id.* ¶¶ 243-256); Beckwith (*Id.* ¶¶ 257-267); Linwood (*Id.* ¶¶ 268-280); and Jackson (*Id.* ¶¶ 281-293).

In the complaint, Plaintiffs allege that "during the events described above, the individual Defendant Officers stood by without intervening …." *See* Compl. ¶ 336. This single allegation provides the basis for Plaintiffs' failure to intervene claims.[3] Plaintiffs' allegations here, are, again, impermissibly vague. *Who* was standing by and *when* were they standing by? As is addressed in the Officers' Motion, the allegations contained in the complaint highlight the implausibility of Plaintiffs' claims— by way of example:

- Campbell alleges that four Defendant Officers "pushed him into a crowd of other officers and then to the ground. They physically beat him." Compl. ¶ 222.

- Beckwith alleges that four Defendant Officers "threw [him] to the ground, while he was handcuffed" and "maliciously beat [him], while he was still handcuffed." *Id.* ¶¶ 260-61.

- Linwood alleges that "the Defendant Officers performed an emergency takedown…slamming her into a building…and pulling her hair back from her head." *Id*. ¶ 272.

- Jackson alleges that "the Defendants slammed her into a wall, and handcuffed her." *Id*. ¶ 286.

The above allegations highlight how incredibly imprecise and implausible Plaintiffs' claims are. In the above scenarios, each of the Plaintiffs seemingly accuses *all* of the officers, present during their respective arrests, of excessive force without distinguishing *who* did *what*— or identifying which officers failed to intervene. To properly state a failure to intervene claim, a party must allege that the defendant officer had reason to know that (i) excessive force was being used, (ii) that a citizen was being unjustifiably arrested, or (iii) that any constitutional violation has been committed by a law enforcement official; *and* (iv) the [defendant] officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Given these pleading requirements, Plaintiffs should be required to provide at

---

[3] There is one other allegation that references a purported failure to intervene (Compl. ¶ 246). This allegation is tied solely to the incident involving Markees Sharkey.

least a modicum of detail regarding *when* each accused Officer Defendant failed to intervene. Requiring the Officer Defendants to answer and defend against such a vague set of facts is unfair. Plaintiffs should be required to be more precise.

### C. Specific Claims against Officers, Stanley, Roman, Cade, and Morris-Pickens

Plaintiffs acknowledge that the allegations concerning excessive force and false arrest contained in Count I of the complaint are not directed towards Officer Defendants Stanley, Roman, Cade, and Morris-Pickens. *See* Opp. at 12 fn. 3. Because the Second Amended Complaint is vague in this regard, the Officer Defendants request that a formal order be entered dismissing Count I with prejudice as against Officer Defendants, Stanley, Roman, Cade, and Morris-Pickens.

### CONCLUSION

For the reasons stated herein, and in the Officer Defendants' Motion to Dismiss Portions of the Second Amended Complaint (Dkt. No. 89), the Officer Defendants respectfully request that Counts II, III and VI be dismissed with prejudice and that Count I as against Officer Defendants, Stanley, Roman, Cade, and Morris-Pickens be dismissed with prejudice.

Dated: January 16, 2018                          Respectfully submitted,

**MIGUEL VILLANUEVA, JOSUE A. ORTIZ, DOROTHY CADE, RICHARD BOLIN, PETER JONAS, BRETT POLSON, ANGEL PENA, WAUKEESHA MORRIS, JESUS ROMAN, JAEHO JUNG, JOHN CORIELL, CHAD BOYLAN, THOMAS MCGUIRE, ANTHONY OSTROWSKI, TODD STANLEY, LAWRENCE GADE JR., and JOHN LAVORATA**

By:  /s/ Allan T. Slagel
     One of Their Attorneys

Allan T. Slagel (ARDC #6198470)
aslagel@taftlaw.com
Heather A. Jackson (ARDC #6243164)
hjackson@taftlaw.com
Barton J. O'Brien (ARDC # 6276718)
bobrien@taftlaw.com
Jeffrey M. Schieber (ARDC #6300779)
jschieber@taftlaw.com
Elizabeth E. Babbitt (ARDC #6296851)
ebabbitt@taftlaw.com
Rachel M. Schaller (ARDC #66306921)
rschaller@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011