IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IMMANUEL CAMPBELL et al._,_<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, et al.<br><br>Defendants. | Case No. 17-cv-4467<br><br>Hon. John Z. Lee |

**RELEASE AND SETTLEMENT AGREEMENT**

This Release and Settlement Agreement ("Agreement") is entered into by and between the Defendant City of Chicago (the "City") and the remaining Plaintiffs in *Campbell v. City of Chicago*, 17-cv-4467 (N.D. IL), including individual Plaintiffs Immanuel Campbell, Rubin Carter, Chante Linwood and Rachel Jackson and referred to as the "Individual Plaintiffs," and organizational Plaintiffs Black Lives Matter Chicago, Blocks Together, Brighton Park Neighborhood Council, Chicago Urban League, Justice for Families, the NAACP-Westside Branch and the Illinois State Conference, Network 49, Women's All Point Bulletin and the 411 Movement for Pierre Loury referred to as the "Organizational Plaintiffs." The Individual and Organizational Plaintiffs, and the City are referred to as the "Parties."[1]

---

[1] The Parties agree to file with the Court an agreed stipulation to dismiss with prejudice all claims against individual officer Defendants Miguel Villanueva, Josue A. Ortiz, Jesus Roman, John Coriell, Chad Boylan, Thomas McGuire, Anthony Ostrowski, Todd Stanley, Lawrence Gade Jr., and John Lavorata ("Individual Officers") upon the Chicago City Council's approval of this Release and Settlement Agreement, and payment of the lump-sum amount stipulated in paragraph 5 below. Accordingly, the Individual Officers are not parties to this Agreement; however, the dismissal of the Individual Officers with prejudice is a material term and undertaking, and without such dismissal there would be no settlement between the Parties.

**WHEREAS**, Plaintiffs filed their Corrected Third Amended Complaint in the United States District Court for the Northern District of Illinois against the City and the Individual Officers on December 10, 2018, *Campbell v. City of Chicago*, Case No. 17-cv-1168 (hereinafter the "Lawsuit"), alleging that the City and/or the Individual Officers violated their rights under state and federal law;

**WHEREAS,** the Organizational Plaintiffs sought declarative and injunctive relief, and the Individual Plaintiffs sought damages, in addition to declarative and injunctive relief;

**WHEREAS**, the City and the Individual Officers deny any wrongdoing regarding the allegations in the Lawsuit, and the City enters into this Agreement to avoid protracted litigation and the associated costs;

**NOW THEREFORE**, for and in consideration of the promises, covenants, and conditions set forth below, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Recitals Incorporated in Agreement.** The foregoing recitals are incorporated in and made a part of the Release and Settlement Agreement by this reference.

2. **No Admission of Liability.** The Parties agree that nothing contained in this Agreement shall constitute or be deemed to be an admission of any fault, liability, or wrongdoing of any kind whatsoever on the part of any Party or the Party's future, current, or former officers, agents, and employees, including the Individual Officers. The Parties further acknowledge and agree that settlement is made to avoid the uncertainty and expense of litigation and to promote judicial economy.

3. **Dismissal of Lawsuit.** In consideration of the hereinafter-indicated settlement entered pursuant to this Release and Settlement Agreement, Individual and Organizational

Plaintiffs agree to dismiss with leave to reinstate, solely in the event that the Chicago City Council rejects the hereinafter-indicated settlement, all claims alleged in this Lawsuit, with each side bearing its own costs and attorneys' fees. The Parties agree that they will be required to execute this Release and Settlement Agreement prior to the City's presentation of this Release and Settlement agreement to the Chicago City Council and that Individual and Organizational Plaintiffs' agreement to settle on these terms shall not be revoked or otherwise repudiated unless Chicago City Council rejects the Release and Settlement Agreement. Upon approval of the Release and Settlement Agreement by the Chicago City Council and the City's lump sum payment of the amount stipulated in Paragraph 5 below, the Individual and Organizational Plaintiffs agree to entry of a final order dismissing with prejudice all of their claims against the City and the Individual Officers, with each Party bearing its own costs and attorneys' fees.

4. **Organizational Plaintiffs' Rights.** The Organizational Plaintiffs expressly retain the rights contained in the Memorandum of Agreement ("MOA") (ECF 154-1) (filed in the above-captioned case on March 20, 2018) (attached as Exhibit A to this Agreement), between the Organizational Plaintiffs, the City, the State of Illinois, and the plaintiffs in *Communities United v. City of Chicago*, N.D. Ill. Case No. 17-cv-7151 (N.D. IL).

5. **Settlement Payment.** The City agrees to pay and the Individual Plaintiffs agree to accept a lump sum payment in the total amount of TWO HUNDRED SIXTY-FIVE THOUSAND DOLLARS ($265,000.00) to settle all claims by the Individual Plaintiffs and the Organizational Plaintiffs in the Lawsuit. Additionally, the Individual Plaintiffs agree to satisfy all attorneys' fees, costs, and expenses incurred by the Individual and Organizational Plaintiffs from the lump sum settlement amount, and shall apportion the remaining funds among the Individual Plaintiffs pursuant to their own agreement. The City agrees to pay the Individual Plaintiffs the total

settlement amount within sixty (60) days following Chicago City Council's approval of the settlement of this Lawsuit. This sum shall be payable solely by the City, and the Individual Plaintiffs agree that they will not seek payment from any source other than the City. The City shall make the lump sum settlement check payable to Shiller Preyar LLC. The Individual and Organizational Plaintiffs understand and agree that any taxability of the payments referenced in this Paragraph 5 is solely their respective responsibility.

6. **Release (Individual Plaintiffs).** The Individual Plaintiffs, after receiving the advice of counsel, understand and agree that, in consideration of the undertakings in this Agreement, this is a final and total settlement of the matter and do hereby release and forever discharge on behalf of themselves, their heirs, successors, assigns, executors, attorneys, employees, agents, and representatives, all claims of every kind or nature that they had or have, under local, state, or federal law, against the City, its current or former officers, agents, and employees, and anyone acting on their behalf, whether served or unserved, named or unnamed, including but not limited to each of the Individual Officers, arising out of the incidents involving the Individual Plaintiffs described in the Lawsuit. This release shall become effective on the Effective Date.

7. **Release (Organizational Plaintiffs).** The Organizational Plaintiffs, after receiving the advice of counsel, understand and agree that, in consideration of the undertakings in this Agreement, this is a final and total settlement of the Lawsuit, and agree to enter a stipulation to dismiss the Lawsuit with prejudice. The Organizational Plaintiffs, however, do not waive their rights to file any future claim against the City for any violations of federal or state law, including any civil rights violations by the Chicago Police Department, except for those arising from the incidents involving the Individual Plaintiffs alleged in this Lawsuit. In any such future action, the

Organizational Plaintiffs would not be precluded from referring to historical patterns and practices of constitutional violations as alleged in the current action.

8. **No Third-Party Beneficiaries.** Other than the agreed dismissal with prejudice of the Individual Officers as required by this Agreement, the Agreement is entered into solely for the benefit of the Parties and their successors and assigns, and is not intended to create, nor shall it be construed to create, any rights for the benefit of any other person, or to be enforceable by any other person, directly or derivatively in the name of any of the Parties.

9. **No Assignment.** No Party shall assign, in whole or in part, this Agreement or any of their respective rights or obligations under this Agreement, without the prior written approval of all other Parties. Such approval shall not be unreasonably withheld.

10. **No Assignment of Claims.** The Parties represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action being released herein.

11. **Headings.** The headings herein are for the purpose of convenience only and are not meant to have legal effect.

12. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties, and such successors and assigns approved pursuant to Paragraph 9 of this Agreement. The terms contained herein shall not be construed against a Party merely because that Party is or was the principal drafter of this Agreement.

13. **Governing Law.** The Parties agree that this Agreement shall be governed by and construed in accordance with the internal laws, but not the conflict of law rules, of the State of Illinois.

14. **Legal Authority.** The individuals signing this Agreement represent and warrant that they are duly authorized to enter into and execute this Agreement for the Parties on behalf of which or for whom they are signing.

15. **Advice of Counsel.** In entering this Agreement, the Parties represent that they have relied upon the advice of their attorneys, who are the attorneys of their own choice, that all the terms of this Agreement have been interpreted and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted. The Parties also represent and warrant that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that the Parties have the sole right and exclusive authority to execute this Agreement.

16. **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties with regard to the settlement of the Lawsuit, any and all claims by Plaintiffs, and any and all unasserted claims and counterclaims by the City, regarding any of the issues that are raised in or could have been raised in the Lawsuit, and there are no other understandings or agreements between or among any the Parties with respect thereto. This Agreement may not be modified, amended, waived, or revoked orally, but only by a writing signed by all Parties or their attorneys.

17. **Stipulation to Dismiss.** All parties agree to cooperate fully and to execute all Stipulations to Dismiss and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement. The Parties further agree that the United States District Court for the Northern District of Illinois shall retain jurisdiction to enforce the terms of this Settlement Agreement and Release under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

18. **Notice.** Any written notice given hereunder shall be sent by certified mail, return receipt requested, messenger delivery, or electronically with a return receipt required as follows:

If to Plaintiffs:

Craig B. Futterman
MANDEL LEGAL AID CLINIC
University of Chicago Law School
6020 S. University Ave.
Chicago, IL 60637
futterman@uchicago.edu

If to Defendants:

Allan T. Slagel
Barton O'Brien
Elizabeth E. Babbitt
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
aslagel@taftlaw.com
bobrien@taftlaw.com
ebabbitt@taftlaw.com

19. **Counterparts.** This Agreement may be executed in identical original counterparts, with each counterpart constituting the entire Agreement.

20. **Facsimile Signatures.** A facsimile or electronic signature shall be considered the equivalent of an original signature.

21. **Effective Date.** This Agreement shall become effective on the date it is executed by the last Party to sign the Agreement. This Agreement is subject to Chicago City Council approval.

**IN WITNESS WHEREOF**, the Parties hereto execute this Release and Settlement, and this Agreement shall become fully effective upon its execution.

By: /s/Craig B. Futterman
One of Plaintiffs' Attorneys

Craig B. Futterman
MANDEL LEGAL AID CLINIC
University of Chicago Law School
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Dated: April 19, 2019

By: [signature]
One of the City's Attorneys

Allan T. Slagel
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000
aslagel@taftlaw.com

Dated: 4/19/2019

24849940.2